UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DARIAN C. DAWSON,

    Defendant.
_____/

Case No. 12-cr-20503
Hon. Mark A. Goldsmith

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Dkt. 22)

Defendant filed a motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015) (Dkt. 22). In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was void for vagueness. That clause permitted a sentencing enhancement when a defendant had committed a prior crime that "involves conduct that presents a serious potential risk of physical injury to another." The Guidelines contained an identically worded residual clause, which permitted calculation of a higher guideline range for a past conviction that "involves conduct that presents a serious potential risk of physical injury to another." See U.S.S.G. § 4B1.2(a)(2) (Nov. 2013). Defendant argued that Johnson's reasoning extended to the Guidelines' residual clause. See generally Def. Mot.

On March 6, 2017, the Supreme Court issued Beckles v. United States, ___ S. Ct. ___, 2017 WL 855781 (Mar. 06, 2017), which held that the United States Sentencing Guidelines are not subject to vagueness challenges. Thus, Johnson, which held that the ACCA's residual clause was void for vagueness, has no effect on the Guidelines. Because Beckles unequivocally

nullifies the legal premise that was necessary for Defendant's argument to succeed, Defendant's motion is denied.[1]

Because Defendant's claim for relief lacks merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

SO ORDERED.

Dated: March 7, 2017　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 7, 2017.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager

---

[1] Moreover, because the merits of Defendant's legal argument are unsound, his motion was untimely. Pursuant to 28 U.S.C. § 2255(f), without a right newly recognized by the Supreme Court (a right that Johnson was purported to establish when Beckles' outcome was still unknown) — and without a claim of newly discovered facts or some "impediment" to filing his motion, neither of which is present here — Defendant had one year from the date that his conviction became final within which to file a § 2255 motion.

2